# Ging *v.* Miller, Appellant.

*Negligence—Master and servant—Fellow-servant—Incompetence of fellow-servant.*

In an action by an employee against his employer to recover damages for personal injuries resulting from the act of a fellow-workman who had charge of a hoisting engine, the defendants cannot be held liable on the ground that they had not employed a man with sufficient strength properly to operate the lever of the engine, where the only proof in support of this is that seventeen years before the engineer's left hand had been injured by a gun shot wound; that six months before he had fractured a bone of his left wrist, and sometimes wore a leather bandage on the left hand; the uncontradicted testimony being that for seventeen years continuously he had been in different branches of structural iron work, and had very frequently been in charge of hoisting engines; that he had operated defendants' engine for several weeks prior to the accident, throwing the lever hundreds of times a day; that the injury to his hand did not impair its use for a direct pull or push, the bandage being worn when doing line work or riveting, to guard against a side strain on his hand; that the injury to his wrist was trifling and did not impair its strength, and had kept him from work only six days; that his strength was sufficient properly to handle the lever; and that in doing this there was no occasion for him to use his left hand, because he stood in a position where he used his right hand.

Argued Oct. 26, 1903.   Appeal, No. 2, Oct T., 1903, by defendants, from judgment of C. P. No. 1, Allegheny Co., Dec. T., 1901, No. 299, on verdict for plaintiff in case of William J. Ging v. William Miller et al., trading as William Miller & Sons.   Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT and PORTER, JJ.   Reversed.

Trespass to recover damages for personal injuries. Before STOWE, P. J.

The facts appear by the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $2,833.33. Defendants appeal.

*Error assigned* amongst others was the refusal of binding instructions for the defendants.

*George B. Gordon,* of *Dalzell, Scott & Gordon,* for appellant.—The evidence was insufficient to submit to the jury: Snodgrass v. Carnegie Steel Co., 173 Pa. 228; Auberle v. McKeesport, 179 Pa. 321; Reese v. Clark, 198 Pa. 312; Graham v. Penna. Co., 139 Pa. 149.

*Joseph Howley,* with him *W. A. Hudson,* for appellee.—The case was for the jury: Shearman & Redfield on Negligence, sec. 191; Huntingdon & Broad Top R. R. v. Decker, 84 Pa. 419; Wabash Ry. Co. v. McDaniels, 107 U. S. 454 (2 Sup. Ct. Repr. 932); Graham v. Penna. Co., 139 Pa. 149; Porter v. Pequonnoc Mfg. Co., 17 Conn. 249; Kehler v. Schwenk, 151 Pa. 505.

OPINION BY MR. JUSTICE FELL, January 4, 1904:

The plaintiff, while in the employ of the defendants, and engaged in the construction of a steel frame building, was injured by the falling of a boom. The accident was caused by the failure of a fellow-workman, who had charge of a hoisting engine, to insert a lever far enough between the cogs of a gear wheel to secure it in place. By the slipping of the lever, a sudden strain was put upon a line by which the boom was raised and lowered, causing it to break and let the boom fall. The machinery was not in any way defective. The allegation of negligence relied on was that the defendant employed an incompetent workman to operate the engine, and retained him in their service after they knew or should have known that he was incompetent. The ground of incompetence alleged was that this man had not strength enough properly to operate the engine. The only proof in support of this was that seventeen years before his left hand had been injured by a gunshot wound, and

that six months before he had fractured a bone of his left wrist. The only fact from which knowledge of the alleged unfitness of the man could be imputed to his employers was that at times when at work he wore a leather bandage on his hand.

The uncontradicted testimony was that this man had been engaged almost continuously for seventeen years in different branches of structural iron work; that during this time he had very frequently been in charge of hoisting engines; that he had operated the defendants' engine for several weeks prior to the · accident, throwing the lever hundreds of times a day; that the injury to his hand did not impair its use for a direct pull or push, and the bandage was worn when doing line work or riveting to guard against a side strain on his hand; that the injury to his wrist was trifling and did not impair its strength, and had kept him from work only six days; and that his strength was sufficient properly to handle the lever, and that in doing this there was no occasion for him to use his left hand, because he stood in a position where he used his right hand.

The burden was on the plaintiff to establish the incompetency of the engineer, and such facts as would charge the defendants with knowledge of it. He presented a case that rested wholly upon inferences which were too strained to support an intelligent finding in his favor. The undisputed testimony as to the competency of his fellow-workman left him no case whatever. The judgment is reversed, and judgment is now entered for the defendants.